# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2233 | **DATE** | 1/7/2013 |
| **CASE TITLE** | Roderick Hamilton (#2011-0918006) vs. Dorothy Brown | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for a preliminary injunction [27] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This case involves allegations by Plaintiff Roderick Hamilton that Defendant Dorothy Brown, Clerk of Court for the Cook County Circuit Court, refused to accept for filing Plaintiff's complaints against Sheriff Tom Dart from September 2011 through February 2012. Plaintiff attached as an exhibit to his complaint in this Court, a complaint he sought to file in the Cook County Circuit Court concerning Dart's failure to conduct fire drills at the Cook County Jail.

Currently before this Court is a motion by Plaintiff for a preliminary injunction, seeking an order from this Court to compel Defendant to accept Plaintiff's more recent suits (1) alleging that Tom Dart has refused to pay Plaintiff minimum wage for the jobs he has performed in jail and (2) alleging that Superintendent Gary Hickerson has not allowed inmates more than two hours of exercise/recreation time per week. Plaintiff's motion for a preliminary injunction must be denied for several reasons.

First, as noted by Magistrate Judge Sidney Schenkier with respect to a recent status hearing, the issue of Plaintiff's complaints being accepted by the Cook County Circuit Court is being resolved and the Assistant State's Attoney is following up with the state court clerk's office about its acceptance and filing Plaintiff's complaints. It appears that Plaintiff is receiving the relief he seeks in his motion for a preliminary injunction and that a court order is unnecessary.

Second, Plaintiff's preliminary injunction motion involves incidents of alleged denied access to the courts that are different than those alleged in his complaint. This case currently concerns only those instances of denied access that are alleged in the complaint, not more recent attempts to file suits in the state court. The Court will not consider a motion for a preliminary injunction for claims that are not currently part of this suit. *See Ortiz v. Kilquist*, No. 03-cv-11-DRH, 2006 WL 2583713 at *2 (S.D. Ill. Sept. 7, 2006) (Herndon, J.) (a district court need not address a claim that is not part of the pleadings).

Lastly, Plaintiff's has not made the requisite showing for a preliminary injunction. To obtain preliminary injunctive relief, a plaintiff must show: (1) a reasonable likelihood of success on the merits of his case; (2) that no adequate remedy at law exists; and (3) he will suffer irreparable harm if an injunction is not granted. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Even if such a showing is made, a court must consider the public's interest with granting injunctive relief. *Id.*

## STATEMENT

Plaintiff seeks an order compelling Defendant to accept for filing two suits submitted by Plaintiff. One suit is from September 2012 and alleges that Sheriff Tom Dart deprived Plaintiff of minimum wages for his sanitation job at the jail in 2011-12, an issue that clearly does not involve irreparable harm, given that monetary damages would suffice. An injury is irreparable "only if it cannot be remedied through a monetary award after trial." *See East St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 704 (7th Cir.2005). Plaintiff's request to compel Defendant to file this suit is not one that necessitates a preliminary injunction.

As to the other state suit Plaintiff seeks to file, which alleges that a jail superintendent has deprived Plaintiff of adequate exercise time, the date affixed to this suit (11/26/12) is the same date Plaintiff submitted his preliminary injunction motion. Plaintiff's preliminary injunction motion thus indicates that Plaintiff had not submitted this suit to the Cook County Circuit Court, at least not at the time he filed his instant motion for injunction relief, and he could not have been denied the ability to file it. A preliminary injunction is intended to prevent a harm that is only speculated. *Anderson v. U.S.F. Logistics*, 274 F.3d 470, 474 (7th Cir. 2001); *Phillips v. Godinez*, No. 11-cv-1003-MUR, 2012 WL 4482929 at 2 (S.D.Ill. Sept. 27, 2012) (Reagan, J.).

Accordingly, for the reasons stated above, Plaintiff's motion for a preliminary injunction is denied.